## W. J. HAILEN V. THE STATE.

No. 9532. Delivered November 18, 1925.

**1.—Manufacturing Intoxicating Liquor—Arrest of Judgment—Presented Too Late.**

Where a motion in arrest of judgment is filed by appellant, on the ground that the minutes of the District Court of Chambers County failed to show that any indictment was returned against him, such motion should have been filed in limine, and came too late. See Art. 446 on page 190 of Vernon's Ann. C. C. P. supporting the proposition that defects or omissions in the entry upon the minutes of the District Court can only be availed of before verdict and collation of authorities under said article. If presented in a motion to quash, it would have been proper practice to amend the minutes and make the entry nunc pro tunc.

**2.—Same—Sentence and Judgment—Corrected and Reformed.**

Where the sentence and judgment as entered is incorrect, it will be reformed, as is now done in this case, to read that appellant was adjudged guilty and his punishment assessed at two years confinement in the penitentiary, and that he be confined therein for not less than one nor more than two years, and as reformed it will be affirmed.

Appeal from the District Court of Chambers County. Tried below before the Hon. J. M. Combs, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*E. B. Pickett, Jr.,* of Liberty, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Chambers County of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Officers searching for contraband liquor found appellant in a house alone, and in a little outhouse a short ways from the dwelling they found two new stills running intoxicating liquor. There were also four or five barrels of mash in said outhouse and two 15 gallon kegs each about half full of whiskey. Appellant's car was in a nearby garage with some whiskey in it and quite a number of empty whiskey bottles were under the back seat. There was a plain trail from the dwelling to the little outhouse. Appellant's defense was that a negro named Sterling was the maker of the whiskey and that he had gone out the night before to get some whiskey from Sterling and found it not yet cooked off, and that he remained all night at the house with the expectation of getting some liquor in the morning. Appellant explained his failure to produce Sterling by saying that the latter was dead,—that he had died shortly after said raid. The officer testified that the raid was made about the 30th of August, and the State by other testimony showed that said negro Sterling died on the 18th of August.

Appellant made a motion in arrest of judgment upon the ground that the minutes of the District Court of Chambers County failed to show that any indictment was returned against him. A number of cases are collated on page 190, Vernon's Annotated C. C. P. under Art. 446 of same, supporting the proposition that defects or omissions in the entry upon the minutes of the district court as to the presentment can only be availed of when the objection is made in limine; also holding that such defects are not available after verdict. Proof was adduced on the hearing of appellant's motion showing the proper organization of the grand jury and the proper return into open court of the indictment herein, and of the fact that the indictment was properly presented and filed by the clerk. We are of opinion that had the objection of appellant been made in limine, the minute entry could have been made nunc pro tunc, and that the objection comes too late.

The sentence pronounced recites that appellant has been adjudged guilty, etc., and his punishment assessed by the verdict of the jury at confinement for not less than one nor more than

two years, and then proceeds to direct that he be confined in the penitentiary for two years. This was all incorrect. The verdict fixed the penalty at two years in the penitentiary, and the sentence should have directed confinement therein for not less than one nor more than two years. Said sentence will be corrected to conform to what has just been said, and as reformed will be affirmed.

The judgment is affirmed.

*Affirmed.*